Thomas P. Feher, SBN 149944
LAW OFFICES OF
LeBeau • Thelen, LLP
5001 East Commercenter Drive, Suite 300
Post Office Box 12092
Bakersfield, California  93389-2092
(661) 325-8962; Fax (661) 325-1127

Attorneys for Defendants Jeffery M. Freesemann,
 Highgrove Medical Clinic, Inc.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY A. BOULWARE, M.D., | CASE NO.: 1:04-cv-06229 OWW-SMS |
| Plaintiff, | **STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON** |
| vs. | |
| JEFFERY M. FREESEMANN, HIGHGROVE MEDICAL CLINIC, INC., | |
| Defendants. | Case Filed:  September 10, 2004<br>Trial Date:   None |

## STIPULATION

IT IS HEREBY STIPULATED AND AGREED, by and between each of the parties hereto, and their respective counsel, as follows:

1.  This Stipulation and Order is intended to comply with the Standards for Privacy of Individually Identifiable Health Information (45 CFR sections 164.500, et seq.) and qualify as a Qualified Protective Order under 45 CFR section 164.512(e)(1).  It shall apply to any and all Patient Medical Records that are produced during the course of discovery in this action.  The Patient Medical Records include all medical records, charts, studies, reports, notes, x-rays, films, test results, and the like produced by defendant Highgrove Medical Clinic, Inc. ("Highgrove") to plaintiff pursuant to plaintiff's discovery requests, or otherwise.

///

2. The Patient Medical Records produced shall have the name of the patient, his or her address, phone number, social security number and any other personal data (other than the actual medical data) redacted before Highgrove produces them to plaintiff. As to those records which were used in the report prepared by Dr. Howard C. Lewin, they will be identified by a designated patient number which corresponds with the same patient number indicated in Dr. Lewin's report so that plaintiff will know exactly which records apply to each patient in said report. All Patient Medical records produced shall be stamped "Confidential" on each page prior to production.

3. The Patient Medical Records may be given, shown, disclosed, made available or communicated only to the attorneys of record in this case and their necessary clerical and paralegal staff, the parties to this action, the Court hearing this action and the Court's personnel, retained outside consultants and experts and their support personnel and any other person whose relevant testimony during these proceedings is sought. Except as to the attorneys of record (and their staff) and the parties in this action, all other persons described above must agree in writing to be bound by this protective order before any of the Patient Medical Records are given, shown, disclosed, made available or communicated to them.

4. The attorneys of record shall at all times have and maintain physical custody and control over all Patient Medical Records and any copies thereof, except that copies may be distributed to retained experts and consultants in this case who have agreed in writing to be bound by this protective order. The attorneys of record shall make diligent efforts to insure that such Patient Medical Records do not leave their custody and are not disclosed orally, except as noted above. Failure to make diligent efforts to do so shall be grounds for the imposition of sanctions at the discretion of the Court in addition to any other remedy that may be available against plaintiff, his attorneys, experts, agents and/or representatives.

5. No person, firm, corporation or other entity subject to this protective order shall use the Patient Medical Records or any information contained therein in any manner whatsoever except for the prosecution, defense, settlement or appeal of this action. Furthermore, no person, firm, corporation or other entity subject to this protective order shall give, show, disclose, make available or communicate

///

the Patient Medical Records or any information contained therein to any person, firm, corporation or other entity not authorized to receive the same pursuant to this protective order.

6. This protective order shall not affect the ability of defendants to use the Patient Medical Records in the ordinary course of their business, or as otherwise may be consistent with applicable law.

7. The parties may apply to this Court as necessary to: (a) seek a determination as to whether disputed documents fall within this protective order; (b) seek a modification of this protective order; or (c) otherwise enforce this protective order, after they have engaged in a good faith and reasonable meet and confer process.

8. The parties may use any of the documents that are subject to this Stipulation and Order as exhibits at the time of trial, subject to all applicable rules of evidence, including but not limited to the requirements that any such documents be relevant, admissible and properly authenticated. The parties hereby reserve all rights to assert appropriate objections to the introduction of such documents into evidence at the time of trial. The documents if used must be used in their redacted form

9. Within thirty days after the final resolution of this action by way of settlement, judgment or appeal, all Patient Medical Records and any copies thereof shall be delivered to counsel for defendants.

Dated: November 14, 2005         LeBEAU • THELEN, LLP

                                 /S/  THOMAS P. FEHER
                             By: _____
                                 THOMAS P. FEHER, ESQ.
                                 Attorneys for Defendants
                                 JEFFERY M. FREESEMANN and
                                 HIGHGROVE MEDICAL CLINIC, INC.

Dated: November 7, 2005          BORTON, PETRINI & CONRON, LLP

                                 /S/  JOHN F. PETRINI
                             By: _____
                                 JOHN F. PETRINI, ESQ.
                                 Attorneys for Plaintiff
                                 TERRY A. BOULWARE, M.D.

Dated: November 7, 2005          /S/  TERRY A. BOULWARE M.D.
                                 _____
                                 TERRY A. BOULWARE M.D.

(Signatures Continued on Next Page - Page 4)

| | |
|---|---|
| Dated: November 14, 2005 | HIGHGROVE MEDICAL CLINIC, INC. |
| | /S/  JEFFREY M. FREESEMANN, M.D. |
| | By:_____ |
| | JEFFREY M. FREESEMANN, M.D., President |
| | |
| Dated: November 14, 2005 | /S/  JEFFREY M. FREESEMANN, M.D. |
| | _____ |
| | JEFFREY M. FREESEMANN, M.D. |

## ORDER

The Stipulation of the parties having been filed and good cause appearing therefor:

IT IS SO ORDERED.

**Dated:   November 25, 2005**            /s/ **Sandra M. Snyder**
icido3                                            UNITED STATES MAGISTRATE JUDGE